IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTHONY QUINTIN KELLY, #352736 | * | |
| Petitioner, | | |
| v. | * | CIVIL ACTION NO. RDB-17-764 |
| WARDEN FRANK B. BISHOP, JR., *et al.* | * | |
| Respondents. | | |

\*\*\*\*\*

## MEMORANDUM OPINION

On March 20, 2017, the Court received for filing the above-captioned Petition for Writ of Mandamus, filed by Anthony Kelly, a Maryland prisoner housed at the North Branch Correctional Institution ("NBCI"). Kelly seemingly claims that a Montgomery County Circuit Court Judge did not have the authority to enter an order in September of 2008 and he contends his convictions and sentences are unconstitutional. In effect, he alleges that he has been illegally imprisoned and detained without legal warrant. He seeks mandamus relief to compel state authorities to release him from state custody. ECF No. 1. Kelly's Petition was accompanied by a Motion for Leave to Proceed In Forma Pauperis, which shall be granted. The Petition shall, however, be summarily dismissed.

Mandamus relief is a remedy only used in extraordinary circumstances. *See Kerr v. United States Dist. Court,* 426 U.S. 394, 402 (1976); *In re Beard,* 811 F.2d 818, 826 (4th Cir. 1987). Title 28 U.S.C. § 1361 confers original jurisdiction on the United States District Courts "of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Thus, a federal court may only issue a writ of mandamus against an employee or official of the United States and, even then, may only command that employee or official "to perform a mandatory or ministerial duty, rather than one that is purely discretionary." *Ocean Breeze Festival Park v. Reich,* 853 F.Supp. 906, 915 (E.D. Va. 1994), *affirmed*

by *Virginia Beach Policeman's Benevolent Association v. Reich,* 96 F.3d 1440 (4th Cir. 1996). A federal court does not have jurisdiction over state entities or employees in an action for writ of mandamus. *See Gurley v. Superior Court of Mecklenburg County,* 411 F.2d 586, 587 (4th Cir. 1969); *see also AT & T Wireless PCS v. Winston-Salem Zoning Bd. of Adjustment,* 172 F.3d 307, 312 n. 3 (4th Cir. 1999). Consequently, this Court has no authority to provide the relief sought by Kelly. A separate Order follows denying mandamus relief.

Date: March 21, 2017

_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE